**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11 Proceeding** |
| | ) | |
| **COMMERCIAL MORTGAGE** | ) | **Case No. 08-73242** |
| **& FINANCE CO.** | ) | |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hon. Manuel Barbosa |
| | ) | |

**NOTICE OF MOTION AND HEARING ON PROFESSIONALS'
SECOND AND FINAL APPLICATION FOR ALLOWANCE AND
<u>PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

To: All Creditors and Parties in Interest

**PLEASE TAKE NOTICE THAT** on October 8, 2008, Commercial Mortgage & Finance Co. (the "Debtor") filed for Chapter 11 bankruptcy relief under title 11 of the Bankruptcy Code. On December 2, 2008, an Order was entered Authorizing the Employment and Retention of Gregory J. Jordan and the law firm of Apostol, Kowal & Jordan, Ltd. ("AKJ") as the Counsel for the Debtor effective as of September 4, 2009 (Docket #123).

**PLEASE TAKE FURTHER NOTICE** that on September 4, 2009 AKJ, filed the Second and Final Application of Apostol, Kowal & Jordan, Ltd., Counsel to the Debtor, for Compensation and Expenses (the "Application") requesting compensation sought as actual, reasonable and necessary in the amount of $140,980.00 and expense reimbursement sought as actual, reasonable and necessary in the amount of $2,142.93 for the period between September 4, 2009 and September 4, 2009.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Application is scheduled for September 30, 2009 at 10:30 a.m. in Courtroom 115, 211 South Court Street, Rockford, Illinois before the Honorable Manuel Barbosa, or any judge sitting in his stead.

Date: ___September 4, 2009___        Respectfully submitted,

        **APOSTOL, KOWAL & JORDAN, LTD.**

        By: __/s/  Gregory J. Jordan_____
               One of Its Shareholders

-2-

**CERTIFICATE OF SERVICE**

      I, Gregory J. Jordan, certify that I served the Notice of Motion and Hearing on Professionals' Second and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses ("Notice of Motion") on all creditors and parties in interest and served the Notice of Motion and the Second and Final Application by Apostol, Kowal & Jordan, Ltd., Counsel to The Debtor, for Compensation and Expenses on the persons listed on the Service List via United States mail postage prepaid by placing the same for delivery with the claims agent appointed in this case and by ECF filing and electronic transmittal as indicated, on September 4, 2009.

                                                              /s/ Gregory J. Jordan

Gregory J. Jordan (ARDC# 6205510)
Mark Zito (ARDC# 6276231)
Apostol, Kowal & Jordan, Ltd.
200 South Wacker Drive, 32nd Floor
Chicago, IL 60606
(312) 854-7180 (Telephone)
(312) 276-9285 (Facsimile)

COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION

**SERVICE LIST**

| | | |
|---|---|---|
| Jeanie V. Kliebe<br>10520 Montague Road<br>Winnebago IL 61088 | James H. Larson, M.D.<br>10245 Tybow Trail<br>Roscoe, IL 61073 | Jerome J. Strohacker<br>580 Brad Mar Drive<br>Freeport, IL 61032 |
| Salvador Sciortino<br>3246 Bildahl<br>Rockford, IL 61109 | Samuel R. Rebecca<br>1108 Mayfair Place<br>Rockford, IL 61107 | Billie A. Verkuilen<br>3129 9th Street<br>Rockford, IL 61109 |
| Carl T. Kampmeier<br>8071 11th Street<br>Davis Junction, IL 61020 | Maria T. Liebing<br>975 South Bell School Road<br>Rockford, IL 61108 | Shirley J. Sellers<br>1304 Riverbend Lane<br>Belvidere, IL 61008 |
| Earl Hodgkinson<br>1408 Bliss Street<br>Belvidere, IL 61008 | Richard Shouer<br>24 West Coates Street<br>Freeport, IL 61032 | Glen Rippentrop<br>8371 N. Mulford Road<br>Monroe Center, IL 61052 |
| Joyce McNight<br>1448 Dry Creek Bend<br>Rockford, IL 61108 | Billie Chandler<br>1128 Copper Drive<br>Machesney Park, IL 61111 | Wayne Holton<br>6366 Fitzgerald Road<br>Rockford, IL 61103 |
| Dorothy E. Klingbeil<br>1405 29th Street<br>Rockford, IL 61108 | Paul Benge<br>4578 Old Lyme Drive<br>Rockford, IL 61114 | Kermit Browman<br>415 South Bell School Road<br>Rockford, IL 61108 |
| Brent Blair<br>Martenson & Blair, P.C.<br>One Court Place, Suite 404<br>Rockford IL 61101<br>(Via ECF & Electronic Mail) | Nancy Pohl<br>c/o Becky Voll<br>7659 Rogers Street<br>Machesney Park, IL 61115 | Carole Ryczek<br>Office of the U.S. Trustee<br>780 Regent Street - Ste 304<br>Madison, Wisconsin 53715<br>(Via ECF & Electronic Mail) |
| Paul S. Godlewski<br>One Court Place, Suite 103<br>Rockford IL 61101<br>(Via ECF & Electronic Mail) | James L. Kramer<br>18W720 13th Street<br>Lombard, IL 61048 | Linda Godfrey<br>6563 Old Hunter's Run<br>Rockford, IL 61114-7828<br>(Via ECF & Electronic Mail) |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA 19114 | Donald P. Shriver<br>Shriver, O'Neill & Thompson<br>515 N. Court Street<br>Rockford, IL 61103-6807<br>(Via ECF & Electronic Mail) | Commercial Mortgage &<br>Finance Co.<br>115 Seventh Street<br>Rockford IL 61104-1275 |

| | | |
|---|---|---|
| William A. Reilly II<br>Reilly Law Offices<br>6801 Spring Creek Road,<br>Suite 2D<br>Rockford IL 61114<br>(Via ECF & Electronic Mail) | Jamie S. Cassel<br>Reno & Zahm LLP<br>2902 McFarland Road<br>Suite 400<br>Rockford IL 61107<br>(Via ECF & Electronic Mail) | Thomas J. Lester<br>Hinshaw & Culbertson LLP<br>100 Park Avenue<br>P.O. Box 1389<br>Rockford IL 61105<br>(Via ECF & Electronic Mail) |
| David L. Davitt<br>Schlueter Ecklund<br>4023 Charles St.<br>Rockford IL 61108<br>(Via ECF & Electronic Mail) | Zane Cohn<br>Zane M. Cohn & Associates PC<br>150 North Michigan Ave.<br>Suite 3300<br>Chicago IL 60601<br>(Via Electronic Mail) | C. Robert Tobin III<br>Tobin & Ramon<br>530 S. State St., Suite 200<br>Belvidere IL 61008<br>(Via ECF & Electronic Mail) |
| Andrew J. Vella<br>Vella & Lund, P.C.<br>Suite 300<br>401 West State Street<br>Rockford IL 61101<br>(Via ECF & Electronic Mail) | Bradley T. Koch<br>Holmstrom & Kennedy, P.C.<br>800 N. Church St.<br>P.O. Box 589<br>Rockford, IL 61105<br>(Via ECF & Electronic Mail) | Craig Stevens<br>Momkus McCluskey LLC<br>1001 Warrenville Road<br>Suite 500<br>Lisle IL 60532<br>(Via Electronic Mail) |
| Gerald Morel<br>Masuda, Funai, Eifert & Mitchell, Ltd<br>203 North LaSalle Street,<br>Suite 2500<br>Chicago, IL 60601-1262<br>(Via ECF & Electronic Mail) | David F. Black<br>UAW-Chrysler LLC Legal Services Plan<br>600 S. State St., Ste. 200<br>Rockford IL 61008<br>(Via ECF & Electronic Mail) | Thomas Laughlin<br>Law Offices of Thomas E. Laughlin<br>6833 Statler Drive, Suite 204<br>Rockford IL 61108<br>(Via ECF & Electronic Mail) |
| Maria Studebaker<br>1508 Apace Drive<br>Rockford IL 61107 | American Express Bank, FSB,<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701<br>(Via ECF) | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 Proceeding |
| | ) | |
| **COMMERCIAL MORTGAGE** | ) | Case No. 08-73242 |
| **& FINANCE CO.** | ) | |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hon. Manuel Barbosa |
| | ) | |

**SECOND AND FINAL APPLICATION BY APOSTOL, KOWAL & JORDAN, LTD.,
COUNSEL TO THE DEBTOR, FOR COMPENSATION AND EXPENSES**

Counsel for the Debtor, Gregory J. Jordan and the partners, associates, of counsel and paraprofessionals of Apostol, Kowal & Jordan, Ltd. ("AKJ"), file the Second and Final Application for Compensation and Reimbursement of Expenses (the "Application") pursuant to §§ 328, 330, 331, 503(b)(1) of the United States Bankruptcy Code (11 U.S.C. §101 et.seq., hereinafter the "Bankruptcy Code"[1]), Rule 2016 of the Federal Rules of Bankruptcy Procedure (hereinafter the "Bankruptcy Rules"), and Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois for allowance and payment of (i) compensation in the amount of 140,980.00 for 344.10 hours of reasonable and necessary legal services that AKJ has rendered for the period between September 4, 2009 and September 4, 2009 (the "Application Period") to the Debtor ("Fees"); (ii) the reimbursement of the actual and necessary expenses that AKJ has incurred (the "Expenses") in the amount of $2,142.93 during the Application Period; and (iii) immediate payment of allowed fees and expenses from the Debtor's accounts.

In support of the Application, AKJ states:

---

[1] All references in this Application to any "§" shall be a reference to that section of the Bankruptcy Code

**BACKGROUND**

1. On October 8, 2008 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petition for relief under the Bankruptcy Code.

2. Pursuant to §§1107(a) and 1108, the Debtor continues to operate its businesses and manage its financial affairs as a debtor in possession. The United States Trustee has appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed in this case.

3. The Debtor is a corporation, organized and existing under the laws of the state of Illinois and headquartered in Rockford, Illinois. The Debtor has been in operation since 1929 and has been an integral part of the Rockford business community since that time. It sells participations in mortgages to local individuals. The money thus generated is used to fund loans, and the Debtor would share the interest generated with its customers. The Debtor also offered "Negotiable Promissory Notes" to Illinois residents, which are neither guaranteed nor is the issuance thereof regulated by any state or federal agency, providing purchasers with interest rates generally higher than interest earned by money market certificates. The Debtor also develops land into residential subdivisions.

4. The nation's ongoing financial challenges precipitated the filing of this case. During the period immediately prior to the bankruptcy filing, a substantial number of the holders of promissory notes closed their notes early causing a serious drain on available cash. On October 6, 2008, one of the holders of the Debtor's Negotiable Promissory Notes obtained a temporary restraining order blocking the Debtor's ability to conduct business. Due to the closing of accounts, the temporary restraining order and general financial difficulties, the

Debtor determined that it would be unable to fund operations and financial obligations without resort to the protections provided in this Court.

5. The Debtor filed its chapter 11 case, so it could implement its business plan and control the restructuring of its business operations through a plan of liquidation.

6. The Debtor and the Official Committee of Unsecured Creditors filed

7. On August 19, 2009, this Court entered its Findings of Fact, Conclusions of Law, and Order Approving the Second Amended Plan of Liquidation Proposed by Commercial Mortgage & Finance Co. and the Official Committee of Unsecured Creditors for the Estate of Commercial Mortgage & Finance Co.  By that order the Court confirmed the Plan of Liquidation proposed in this bankruptcy case.

8. The Court approved the First Interim Application by Apostol, Kowal & Jordan, Ltd., Counsel to The Debtor, for Compensation and Expenses awarding AKJ $139,100.00 in fees and expenses reimbursement of $2,142.93.

### SELECTION OF COUNSEL

9. The Debtor on September 30, 2008 selected Gregory Jordan as its counsel while he was a shareholder with the firm of Polsinelli, Shalton, Flanigan & Suelthaus, PC.  Mr. Jordan relocated his practice effective November 1, 2008.  The Debtor requested that Jordan continue as its bankruptcy counsel and retained him and AKJ for that purpose.

10. By an order entered on the docket on December 2, 2008, the Bankruptcy Court authorized AKJ's retention effective as of September 4, 2009 (Docket #123), pursuant to. §§327 and 1103.

11. This is AKJ's Second and Final Application for the payment of its fees and expenses and AKJ submits this Application pursuant to the Federal Rules of Bankruptcy Procedure and all applicable local rules.

12. Attached hereto as **Exhibit A** is a schedule summarizing the number of hours worked and the total dollars billed for services during the Application Period. The fees and expenses sought for the Application Period are included as part of this Application and in the summary. The detailed records with respect to such fees are attached hereto as **Group Exhibit B**. The detailed records with respect to expenses are attached hereto as **Exhibit C**. For this Application Period, AKJ has incurred a total of 140,980.00 for legal services rendered and $2,142.93 for actual and necessary out-of-pocket expenses incurred on behalf of the Debtor.

### PROFESSIONAL SERVICES RENDERED

13. AKJ has assisted the Debtor in the performance of its duties pursuant to §§1107 and 1108 including advising the Debtor regarding legal matters including preparation of its schedules, preparation for and attendance at the first meeting of creditors in the case, collection of debts, sale of assets, preparation of a plan of liquidation, personnel matters, participating in court hearings, drafting various pleadings, participating in meetings, consulting with the Debtor, the Debtor's accountants, the counsel for the Official Committee of Unsecured Creditors, counsel for creditors, creditors and other parties in interest and generally representing the interests of the Debtor in this chapter 11 case.

14. During the Application Period, AKJ billed a total of 344.10 hours.

15. To assist the Court, creditors and other parties in interest to evaluate this fee application and determine the reasonableness of the requested compensation and cost reimbursement,

AKJ assigned a matter number for each of the seven categories of services. <u>Group Exhibit A</u> attached hereto describes each activity or service performed; and states the number of hours (in increments of one-tenth of an hour) spent providing the services.

**SERVICES RENDERED BY MATTER CATEGORIES**

16. The professional services that AKJ rendered are grouped into titled categories of the subject matters described below.

   a. <u>Category 1 - Case Administration</u>

Time spent in this category relates to the administrative tasks related to case management, including: (i) advising the Debtor's personnel regarding various legal issue with a particular focus of general bankruptcy matters; (ii) communications with the Debtor's representatives; (iii) communications with creditors; (iv) coordination with the U.S. Trustee; and (v) communicating with the claims agent; and communicating with other professionals. The average hourly billing rate is $418.28.

| Professional/Position | Hours | Rate | Fee |
|---|---|---|---|
| Gregory J. Jordan (Partner) | 29.90 | $425.00 | $12,707.50 |
| Mark Zito (Independent Contractors) | 1.7 | $300.00 | $510.00 |
| TOTAL: | 31.60 | | $13,217.50 |

   b. <u>Category 2 - Services Related to Claims Objections</u>

AKJ worked with the Debtor's representatives concerning the preparation of objections to various claims and the prosecution of claims objections. The average hourly billing rate is $413.30.

| Professional/Position | Hours | Rate | Fee |
|---|---|---|---|
| Gregory Jordan (Partner) | 74.60 | $425.00 | $31,705.00 |

-5-

| | | | |
|---|---|---|---|
| Mark Zito (Independent Contractors) | 7.70 | $300.00 | $2,310.00 |
| TOTAL: | 82.30 | | $34,015.00 |

    c.    <u>Category 3 – Services Related to the Plan of Liquidation</u>

Counsel's work in this category concern the drafting of the disclosure statement and plan and working with the Debtor's representatives, the Debtor's accountant and the Committee and counsel to maximize the return to creditors. Services in this category also relate to the balloting and confirmation phases in the case. The average hourly billing rate is $408.93.

| **Professional/Position** | **Hours** | **Rate** | **Fee** |
|---|---|---|---|
| Gregory Jordan (Partner) | 135.60 | $425.00 | $57,630.00 |
| Mark Zito (Independent Contractors) | 20.50 | $300.00 | $6,150.00 |
| TOTAL: | 155.60 | | $63,567.50 |

    d.    <u>Category 4 – Sale of Assets</u>

AKJ spent time working with the Debtor, the Committee's counsel and other parties with regard to the sale of the Debtor's assets including gathering information and assuring that the information presented to the Court was accurate. Counsel prepared pleadings and appeared at hearings to obtain the Court's authorization of various transfers of property. The average hourly billing rate is $389.84.

| **Professional/Position** | **Hours** | **Rate** | **Fee** |
|---|---|---|---|
| Gregory Jordan (Partner) | 11.50 | $425.00 | $4,887.50 |
| Mark Zito (Independent Contractors | 4.50 | $300 | $1,350.00 |
| TOTAL: | 16.00 | | $6,237.50 |

e. Category 6 – Employment and Fee Applications

Time spent in this category relates to the drafting, preparation, and review of employment application for the various professionals engaged in this case, as well as the preparation of AKJ's applications. It also includes the time incurred for the preparation and presentation of this Application. The average hourly billing rate is $408.84

| Professional/Position | Hours | Rate | Fee |
|---|---|---|---|
| Gregory Jordan (Partner) | 21.60 | $425.00 | $9,180.00 |
| Mark Zito (Independent Contractors | 3.0 | $300 | $900.00 |
| TOTAL: | 23.20 | | $10,080.00 |

f. Category 7 - Motion Practice

Time spent in this category relates to the drafting, review and presentation of all motions filed in the case and appearing with regard to the same. The average hourly billing rate is $407.72.

| Professional/Position | Hours | Rate | Fee |
|---|---|---|---|
| Gregory Jordan (Partner) | 29.30 | $425.00 | $12,452.50 |
| Mark Zito (of Counsel) | 4.70 | $300.00 | $1,410.00 |
| TOTAL: | 34.00 | | $13,862.50 |

**ACTUAL AND NECESSARY EXPENSES**

17. It is AKJ's policy to charge its clients for certain non-overhead expenses incurred in connection with the case that would not have been incurred except for representation of that particular client. It is also AKJ's policy to charge its clients only the amount actually incurred by AKJ in connection with such items, which include, but are not limited to,

mail and express mail charges, messenger delivery, travel expenses, PACER charges and photocopying charges.

18. The reimbursement of expenses requested by AKJ are those expenses normally billed to the firm's clients in other cases. Billing for these expenses is the standard practice for the law firms involved with providing advice to unsecured creditors Debtors. The expenses and disbursements for which allowance is set forth by date and description on **Exhibit C** attached hereto, and total $2,142.93.

### STANDARDS FOR APPROVAL OF APPLICATION

19. §330(a) sets forth the applicable standards for compensation of retained professionals.

20. The rates charged by AKJ in this Application are the usual and customary hourly rates charged by AKJ to other clients. These rates are comparable with, or lower than, the rates generally charged by other Chicago law firms that provide legal services in connection with representation of Debtors. The amounts requested are fair and reasonable given (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

21. Without the filing of this bankruptcy case and the efforts of AKJ, any recovery for unsecured creditors would be extremely unlikely.

22. AKJ submits that an award of its compensation and expense reimbursement, as requested, is appropriate in the circumstances of this case.

23. Each of the professionals in this case is shareholders of or affiliated with AKJ in this and other matters. No agreement exists between AKJ and any third party for the sharing of compensation received by AKJ in connection with this case, except as allowed by United

  States §504 of the Bankruptcy Code and Rule 2016 of the federal Rules of Bankruptcy Procedure with respect to the sharing of compensation among the shareholders, associates and of counsel of AKJ.

24. This is AKJ's Second and Final fee Application in this case. Previous compensation has not been sought.

### BIOGRAPHICAL INFORMATION

25. Gregory Jordan, the primary attorney responsible for this matter, focused his law practice on the representation of parties in Chapter 11 cases including related litigation. Mr. Jordan has practiced law generally and in this area of the law since 1984. He has represents several debtors in successful Chapter 11 cases along with the representation of lenders, official committees of unsecured creditors and other parties in various bankruptcy cases in this district and throughout the country.

26. Mark Zito is an attorney focusing his practice in the areas of corporate finance and litigation. Mr. Zito works with AKJ as an independent contractor and is engaged concerning primarily the drafting of the plan of liquidation, preparation for the confirmation hearing and claims objections.

### NOTICE

27. Pursuant to Rule 2002(a)(6) of the Bankruptcy Rules, AKJ has provided notice of this Application and the hearing on the Application to all creditors and parties in interest. AKJ has served a copy of this Application on the twenty largest creditors, counsel for the Office of the United States Trustee, counsel for the Committee and on all counsel appearing or requesting notice of the filing of pleading in this case.

**NO PRIOR RELIEF**

28. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, AKJ respectfully requests that the Court enter an order:

a. granting AKJ an allowance of final compensation for professional fees in the amount of 140,980.00 incurred during this Application Period;

b. granting AKJ an allowance of expense reimbursement in the amount of $2,142.93 incurred during this Application Period;

c. entry of an order authorizing and directing payment of the allowed fees and costs by the Debtor; and

d. granting AKJ such other and further relief as may be just.

Date:   September 4, 2009

                                         Respectfully submitted,

                                         **APOSTOL, KOWAL & JORDAN, LTD.**

                               By:   /s/ Gregory J. Jordan
                                    One of Its Shareholders

Gregory J. Jordan (ARDC# 6205510)
Mark Zito (ARDC# 6276231)
Apostol, Kowal & Jordan, Ltd.
200 South Wacker Drive, 32nd Floor
Chicago, IL 60606
(312) 854-7180 (Telephone)
(312) 276-9285 (Facsimile)

COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION